UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL LEON MCCORD,

    Plaintiff,

v.                                                     Case No. 2:19-cv-318-JLB-NPM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Before the Court is an Unopposed Petition for EAJA Fees (Doc. 41). Plaintiff Michael McCord represents the Commissioner has no objection to the relief sought. (Doc. 41, p. 4). For the reasons below, this Report recommends the petition be granted in part.

One of the three issues on appeal was whether remand was required because the presiding administrative law judge was not properly appointed under the Appointments Clause and, therefore, lacked legal authority to hear the case. (Doc. 25, p. 29). On September 15, 2020, the Court entered a report recommending the decision of the Commissioner be affirmed, to which Plaintiff objected. (Docs. 28, 29). The Court then ordered the parties to submit a statement setting forth their position on whether Plaintiff's objections to the report and recommendation should be held in abeyance and the case stayed pending the Eleventh Circuit's disposition

of the administrative exhaustion question in *Perez v. Comm'r of Soc. Sec'y*, Appeal No. 19-11660 (filed Apr. 29, 2019), and *Lopez v. Acting Comm'r of Soc. Sec'y Admin.*, Appeal No. 19-1174 (filed May 3, 2019). (Doc. 30). Both parties indicated they did not object to a stay pending the outcome of the Eleventh Circuit cases (Docs. 31, 32), and the Court stayed the case (Doc. 33).

In their joint status reports, the parties indicated that the Eleventh Circuit held *Perez* and *Lopez* in abeyance pending the Supreme Court's decision in the consolidated cases of *Davis v. Saul*, 963 F.3d 790 (8th Cir. 2020), *cert. granted*, 2020 WL 6551772 (U.S. Nov. 9, 2020) (No. 20-105) and *Carr v. Saul*, 961 F.3d 1267 (10th Cir. 2020), *cert. granted*, 2020 WL 6551771 (U.S. Nov. 9, 2020) (No. 19-1442). (Docs. 34, 36, 37). After the Supreme Court decided *Carr v. Saul*, 141 S. Ct. 1352 (2021), Defendant moved to remand the case as follows: "On remand, the agency will assign a different administrative law judge (ALJ), provide Plaintiff with the opportunity for a hearing before the newly assigned ALJ to further evaluate Plaintiff's claims, and issue a new decision." (Doc. 38, p. 1). The Court granted the unopposed motion to remand under sentence four of section 405(g) and entered judgment. (Docs. 39, 40). Now, Plaintiff requests an award of EAJA attorney's fees of $8,292.50 and paralegal fees of $24.00. (Doc. 41, pp. 1, 6, 8).

In order for Plaintiff to receive an award of fees under EAJA, the following five conditions must be established: (1) Plaintiff must file a timely application for

attorney's fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no opposition by the Commissioner on eligibility grounds, this Report finds all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). After review of the services provided, this Report finds 40.3 hours expended by attorneys Carol Avard and Craig Polhemus are reasonable. (Doc. 41, p. 3, 21-23).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines an increase in the cost of living, or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determination of the appropriate hourly rate is a two-step process. The Court first determines the prevailing market rate; then, if the prevailing

rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff requests hourly rates of $205.00 for 2019, $207.50 for 2020, and $212.50 for 2021, which are unchallenged by the Commissioner. (Doc. 41, pp. 3, 22). This Report finds the hourly rate may be adjusted to the reasonable requested hourly rates.

Plaintiff also requests $24.00 in paralegal fees. (Doc. 41, pp. 6-8, 22). According to the time records, the paralegal spent .2 hours[1] at $60.00 per hour electronically filing objections to the Report and Recommendation and electronically filing a separate response. (Doc. 41, p. 22). "Awarding fees for this time is unwarranted because electronically filing a document is a clerical task subsumed in an attorney's fee." *Langer on Behalf of Langer v. Comm'r of Soc. Sec.*, No. 8:19-cv-1273-T-24PDB, 2020 WL 7210026, *4 (M.D. Fla. Nov. 20, 2020), *report and recommendation adopted*, No. 8:19-cv 273-T-24PDB, 2020 WL 7138571 (M.D. Fla. Dec. 7, 2020).

---

[1] Plaintiff's itemized list only attributes .2 hours to paralegal work (Doc. 41, p. 22), yet Plaintiff claims .4 hours at an hourly rate of $60.00 for a total award of $24.00 (Doc. 41, p. 23). Since only .2 hours was actually listed, Plaintiff appears to only seek $12.00 given the hourly rate.

4

Plaintiff filed an Attorney Fee Contract for Social Security Benefits/SSI Fee Agreement – Federal Court (Doc. 41, pp. 24-26). The Agreement provides: "[Plaintiff] hereby assign[s] any court awarded EAJA attorney fees and costs, for federal court work only, to my attorney." (Doc. 41, p. 24). Thus, the fees awarded should be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by South.

Accordingly, this Report recommends the unopposed petition for EAJA fees (Doc. 41) be **GRANTED in part**, and $8,292.50 in attorney's fees be awarded and this award be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff. This Report also recommends denying the request for $24.00 in paralegal fees.

Reported in Fort Myers, Florida on November 5, 2021.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**